IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00074-FDW

| | |
|---|---|
| TINA HOOPER,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>Defendant. | ORDER |

THIS MATTER is before the Court on Plaintiff Tina Hooper's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (Doc. No. 26). The Motion has been fully briefed and is ripe for review. For the reasons stated herein the Court, GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

I. BACKGROUND

On February 5, 2021, this Court reversed the Commissioner's decision regarding Plaintiff's application for Supplemental Social Security Income and Disability Benefits. (Doc. No. 23). The Court concluded the ALJ committed reversible error when the ALJ failed to resolve the apparent conflict between the Vocational Expert's testimony and relevant definitions listed in the DOT. Id. at p. 10. The Court remanded for further proceedings, and Plaintiff filed the instant motion on April 16, 2021. (Doc. No. 26).

II. STANDARD OF REVIEW

Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA provides

1

for a "reasonable" award of attorney's fees. 28 U.S.C. § 2412(d)(2)(A) (2018). In determining whether such award is reasonable,

> [t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court should also exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.... Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

Hensley v. Echerhart, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983) (quotation and citation omitted) (emphasis in original). Notably, the party seeking the attorney fee award bears the burden of establishing reasonableness. Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002).

In evaluating whether a requested award is reasonable, district courts enjoy substantial discretion. Id. at 254. Courts will typically consider the following factors in determining reasonableness: "(1) the extent of a plaintiff's success; (2) the novelty and complexity of the issues presented; (3) the experience and skill of the attorney; and (4) the typical range of compensated hours in a particular field." Rogers v. Astrue, 2015 WL 9239000, at *2 (W.D.N.C. Dec. 17, 2015).

### III. DISCUSSION

Plaintiff seeks a total award of $10,366.99 for 49.47 hours worked. (Doc. No. 26, p. 4). Defendant concedes Plaintiff is the prevailing party but argues the number of hours for which Plaintiff requests attorney's fees is excessive and should be reduced. (Doc. No. 27). Defendant argues the hours worked by Plaintiff's counsel is excessive and requests Plaintiff's desired award is reduced to 32.8 hours worked, billed at an hourly rate of $207.67 to $209.12. (Doc. No. 27).

2

Plaintiff does not provide the Court with a desired hourly rate,[1] and offers no argument as to why Defendant's requested hourly rate should be rejected. See (Doc. No. 28). The Court will accordingly award any fees based on the average of the rates requested by Defendant, which is $208.40.

First, Defendant argues that attorney Denise Sarnoff billed 26.67 hours researching, drafting, and revising Plaintiff's Summary Judgment Motion and Reply Brief, which is excessive given the straight-forward and narrow issue Plaintiff raised before this Court. (Doc. No. 27, p. 6). Of the 26.67 hours billed for the summary judgment briefing, 8.5 of those hours were dedicated to the reply brief, which is only 4 pages in length and largely repetitive of the primary motion. See (Doc. Nos. 18, 22, 26-2, p. 2). The Court agrees with Defendant that spending 26.67 hours on less than 20 pages of briefing is excessive, particularly for an attorney with more than 30 years of experience in practicing Social Security law. See (Doc. No. 26-5). Furthermore, the time entries for Ms. Sarnoff's tasks are block billed, which is generally grounds for a reduction in hours. See Gibby v. Astrue, No. 2:09-cv-29, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012). The Court accordingly finds 20 hours to be a more reasonable amount of time to spend drafting roughly 20 pages of briefing and will reduce the hours billed by Denise Sarnoff on the summary judgment briefing by 6.67 hours.

Defendant also points out the requested fee award includes compensation for clerical tasks, such as the compilation of a medical index, which is not compensable under the EAJA. See Thayer v. Saul, No. 3:19-cv-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. Aug. 22, 2020) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)). Indeed, Plaintiff's counsel's time records indicate that they spent time "setting up [sic] medical index," a task which does not require any

---

[1] She simply requests "fees at the EAJA cap" and provides a table from which to determine the cap, which varies for the time frame her counsel worked on this matter. See (Doc. No. 26, 26-3).

legal analysis, on September 16 and 17, 2020. (Doc. No. 26-2, p. 1). Notably, this clerical task is included in block billed entries, so the Court is unable to determine how many hours of the eleven hours billed on these dates were devoted to clerical tasks. Plaintiff's argument that setting up the medical index was "attorney time" is not persuasive, as "some tasks are clerical regardless of who . . . performs them." Thayer, 2020 WL 4208061, at *2 (citing Elliot v. Astrue, No. 2:09-cv-37, 2012 WL 3191027, at *3 (W.D.N.C. Aug. 3, 2012). Because of the block billing and inclusion of clerical tasks, the Court is inclined to grant Defendant's requested 10-hour reduction.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. No. 25) is GRANTED IN PART and DENIED IN PART. In the exercise of its discretion, the Court reduces Plaintiff's requested award by 16.67 hours and awards 32.8 hours of work, compensated at an average hourly rate of $208.40, totaling $6,835.52. The Court also awards Plaintiff the requested $400.00 in costs, for a total award of $7,235.52.

IT IS SO ORDERED.

Signed: May 27, 2021

Frank D. Whitney
United States District Judge